BARTHOLOMEW WESTBROOKS vs. DANIEL MCDOWELL and JOHN SIMMONS and JOSIAH EDER, Justices.

### Certiorari.

1st. A plaintiff cannot assign a debt, the subject of a suit, during the pendency of the suit, to the prejudice of third persons.

2nd. A defendant who is garnisheed to answer what he is indebted to the plaintiff, in a suit or judgment, and who admits his indebtedness to plaintiff, and judgment is entered against him on the garnishment, by paying this judgment, is discharged from the judgment entered in the original case.

It is alleged in the petition for *certiorari* in this case, that a judgment was obtained in a Justice's Court, in favour of *Daniel McDowell* against said *Westbrooks*, for the sum of ten dollars, from which the defendant appealed to a Jury, and that on the Jury trial said judgment was confirmed ; that afterwards defendant was garnisheed by one *William W. Boyett*, to answer what he was indebted to the said *McDowell*, and that he appeared and answered that he was indebted ten dollars by reason of said judgment, and the Court gave judgment against him on the garnishment for the sum of ten dollars, and that afterwards execution issued against the said defendant and his securities on the appeal and stay upon the original debt which was levied upon his property, and that he swore to the illegality upon the ground that it had been paid off, by paying the execution which had issued against him upon the garnishment, and that the Court dismissed the illegality. All of the above facts are admitted in the return of the Magistrates ; but this additional fact is stated, that during the pendency of the suit of *McDowell* vs. *Westbrooks*, between the first and second trials, the judgment, or case, was assigned by *McDowell* to *John Watson*, and that notwithstanding they had given judgment against *Westbrooks* on the garnishment, they determined that he had acted in his own wrong in paying off the execution issued upon said garnishment, upon the ground that said debt had been transferred before said defendant was garnisheed. Now the whole question must depend upon the validity of this assignment, and I am of opinion that said debt could not be assigned during the pendency of the suit,

so as to affect or prejudice the rights of third persons, and that the judgment having been obtained on a suit in favour of *McDowell* vs. *Westbrooks,* fixed the indebtedness of *Westbrooks* to *McDowell,* and he having been garnisheed on account of this debt, and there being record evidence against him that he was indebted, and he having so answered, and a judgment having been rendered against him, and he having paid off the same, said payment was a discharge of the original judgment. It is therefore ordered, that the *certiorari* be sustained, and that the decision of said Court, dismissing the illegality to the garnishment *fi. fa.,* be set aside, and a new trial, upon said illegality, be ordered.

WILLIAM EZZARD, J. S. C. C. C.